WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff/Respondent,<br><br>v.<br><br>Jesus Venegas-Lares,<br><br>    Defendant/Movant. | No. CV-15-00330-PHX-FJM (ESW)<br>CR-12-0408-PHX-FJM<br><br>**ORDER** |

On February 23, 2015, Movant Jesus Venegas-Lares ("Movant") filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Doc. 1) (the "Motion to Vacate"). The Motion to Vacate raises five ineffective assistance of counsel claims. Pending before the Court is the Government's Motion to Seal (Doc. 10). The Government requests the Court to seal the Government's "Response in Opposition to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" and the exhibits attached to the Response (lodged at Doc. 11). Movant has not responded and the time to do so has passed. The Motion to Seal is deemed submitted for consideration.

The public has a general right to inspect and copy judicial records and documents. *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978). Although this right is not absolute, there is a strong presumption in favor of access to judicial records. To overcome this presumption, a party seeking to seal a judicial record must meet (i) the

"compelling reasons" standard if the record is a dispositive pleading or (ii) the "good cause" standard if the record is a non-dispositive pleading. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Here, because the Response (lodged at Doc. 11) is a dispositive pleading,[1] the Government must offer compelling reasons for sealing the Response and accompanying exhibits. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). The Government requests that the Court grant the Motion to Seal because the Response and accompanying exhibits "reference confidential communications between Movant and his defense attorneys during their respective representation of Movant during his criminal case." (Doc. 10). This statement fails to show a compelling reason for sealing the Response and accompanying exhibits. *Kamakana*, 447 F.3d at 1182 (finding party's conclusory assertions inadequate to establish compelling reason to maintain "confidential" documents under seal). Because the Government has failed to meet its burden, "the default posture of public access prevails." *Id*. Moreover, the Motion to Seal fails to comply with Rule 5.6(b) of the Local Rules of Civil Procedure, which requires that "[a]ny motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal . . . ."

It is well-settled that "where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir.

---

[1] A "dispositive" pleading is one that adjudicates issues on the merits. *See Kamakana*, 447 F.3d at 1179 (dispositive motions resolve disputes on the merits); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003) (summary judgment is dispositive because it "adjudicates substantive rights and serves as a substitute for trial").

1  2003).  Yet the Ninth Circuit Court of Appeals has instructed that "the court must impose
2  a waiver no broader than needed to ensure the fairness of the proceedings before it."  *Id*.
3  at 720.  Similar to the situation in *Bittaker*, either party may file a motion for a protective
4  order to address a concern that the attorney-client communications may be used outside
5  of this Section 2255 proceeding.
6      Accordingly,
7      **IT IS ORDERED** denying the Government's Motion to Seal (Doc. 10).

9      Dated this 30th day of October, 2015.

_____
Eileen S. Willett
United States Magistrate Judge

- 3 -