# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Venegas-Lares,<br><br>    Defendant/Movant,<br><br>v.<br><br>United States of America,<br><br>    Plaintiff/Respondent. | No. CV-15-0330-PHX-FJM (ESW)<br>CR-12-0408-PHX-FJM<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE FREDERICK J. MARTONE, UNITED STATES SENIOR DISTRICT JUDGE:**

Pending before the Court is Jesus Venegas-Lares ("Movant") "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Doc. 1) (the "Motion to Vacate"). The United States has responded (Doc. 11), and Movant has replied (Doc. 12). The matter is deemed ripe for consideration.

The Motion to Vacate contains five claims alleging the ineffective assistance of counsel ("IAC"). The undersigned finds that the record conclusively shows that Movant is entitled to no relief. It is therefore recommended that the Court deny Movant's request for an evidentiary hearing and deny the Motion to Vacate.[1] *See Dukes v. United States*,

---

[1] On January 12, 2017, Movant filed a "letter-brief" (Doc. 21). Although the filing may be struck as an unauthorized sur-reply, the undersigned has reviewed and considered the filing in making the recommendations contained herein.

492 F.2d 1187, 1188 (9th Cir. 1974) ("The record shows on its face that the [Section 2255] petitioner was not entitled to relief, and an evidentiary hearing was not required.").

## I. BACKGROUND

In January 2012, the Government filed a complaint against Movant alleging that Movant violated 8 U.S.C. § 1326(a), enhanced by § 1326(b)(1) (Reentry of Removed Alien).[2] On February 28, 2012, Magistrate Judge James F. Metcalf held a change of plea hearing. (Doc. 11-1 at 2-34). After Magistrate Judge Metcalf completed the plea colloquy pursuant to Fed. R. Civ. P. 11, Movant pled guilty directly to an Information charging Movant with Attempted Reentry of Removed Alien in violation of 8 U.S.C. § 1326(a), enhanced by § 1326(b)(1). (*Id.* at 4-32). Magistrate Judge Metcalf found that Movant knowingly, intelligently, and voluntarily entered a plea of guilty and recommended that the Court accept Movant's guilty plea. (*Id.* at 32).

The Court set a sentencing hearing for August 27, 2012. (Doc. 11-2 at 2-13). Prior to the sentencing hearing, Movant's defense counsel filed a "Motion for Downward Variance," which requested a downward variance of five levels and a maximum prison term of 46 months.[3] On the day of the sentencing hearing, the Court received a letter from Movant asserting that his counsel had been insufficient. (*Id.* at 3). Movant's counsel requested that the sentencing hearing be continued to give counsel the opportunity to discuss the issue with Movant as he was previously unaware of Movant's dissatisfaction with counsel's work. (*Id.* at 4-5). The Court continued the hearing to September 10, 2012. (*Id.* at 12).

At the September 10, 2012 hearing, Movant's counsel stated that he spoke with Movant and requested that the Court appoint Movant new counsel. (Doc. 11-3 at 3-4). Counsel explained that Movant had no faith or confidence in him and it was important for

---

[2] CR-12-00408-PHX-FJM, Doc. 1.

[3] CR-12-00408-PHX-FJM, Doc. 18.

a client to have confidence in his attorney. (*Id.* at 4). The Court found a breakdown in the attorney-client relationship and granted Movant's request for substitute counsel. (*Id.* at 5). The Court noted that there is nothing specific in Movant's letter or statements to the Court that suggest that defense counsel's representation of Movant had been ineffective. (*Id.*). The Court set a sentencing hearing for November 30, 2012. (*Id.* at 7).

At the November 30, 2012 hearing, the Court accepted Movant's guilty plea. (Doc. 11-4 at 5). The Court adopted the Presentence Investigation Report, which found that that the Sentencing Guideline range is 77 to 96 months after determining that Movant's offense level was 21 and his criminal history category was VI. (*Id.* at 9). Movant's new defense counsel concurred with the Motion for Downward Variance filed by Movant's former attorney and argued that a sentence of no more than 46 months is appropriate. (*Id.* at 10). The Court found that the record suggests that Movant poses a threat because of his criminogenic lifestyle, significant substance abuse issues, and a lack of assimilation to the culture of the United States. (*Id.* at 21-26). The Court did not find that a downward departure is appropriate, but found that the low end of the advisory guideline range is appropriate. (*Id.* at 26). The Court sentenced Movant to a prison term of 77 months. (*Id.*).

Movant appealed his sentence to the Ninth Circuit Court of Appeals, which affirmed the sentence on November 26, 2013. (Doc. 11-5 at 2-4). On February 23, 2015, Movant timely filed the Motion to Vacate (Doc. 1).

## II. DISCUSSION
### A. Legal Standards Applicable to IAC Claims

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the U.S. Supreme Court explained that a defendant arguing an IAC claim must establish that his or her counsel's performance was (i) objectively deficient and (ii) prejudiced the defendant. This is a deferential standard, and "[s]urmounting *Strickland's* high bar is never an easy task." *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

1    The *Strickland* test applies to challenges to guilty pleas that are based on IAC
2    claims. *Jeronimo*, 398 F.3d at 1155. To establish the test's performance prong in that
3    context, a defendant must establish that his or her counsel's advice regarding the guilty
4    plea was outside "the range of competence demanded of attorneys in criminal cases."
5    *Hill v. Lockhart*, 474 U.S. 52, 56-58 (1985). Regarding the prejudice prong, a defendant
6    must show that "there is a reasonable probability that, but for counsel's errors, he would
7    not have pleaded guilty and would have insisted on going to trial." *Washington v.*
8    *Lampert*, 422 F.3d at 873 (quoting *Hill*, 474 U.S. at 58-59)).

9    Although the performance factor is listed first in *Strickland's* two-part test, a court
10   may consider the prejudice factor first. In addition, a court need not consider both factors
11   if the court determines that a defendant has failed to meet one factor. *Strickland*, 466
12   U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of
13   sufficient prejudice, which we expect will often be so, that course should be followed.");
14   *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998) (a court need not look at both
15   deficiency and prejudice if the habeas petitioner cannot establish one or the other).

**B. Grounds One, Two, and Three: Alleged IAC During Pretrial and Plea Negotiation Phase**

In Ground One, Movant asserts that "pretrial counsel failed to explain the benefits of pleading guilty early or of pleading guilty to the first plea. [Movant] was not explained anything by counsel." (Doc. 1 at 4).

In Ground Two, Movant asserts "counsel ineffective for his failure to provide advice during pretrial and plea negotiation phase." (*Id.* at 5). Movant alleges that "[c]ounsel appeared bored and unintirested [sic] in [Movant's] case. Counsel only wanted to disposed [sic] of the case as soon as possible. His actions demonstrated that counsel was not performing to the best of his ability. Had he done so the outcome would have been different by going to trial." (*Id.*).

In Ground Three, Movant states "counsel ineffective for breakdown in communication." (*Id.* at 7). Movant alleges that the "slim to none" amount of times

counsel met with Movant "were not enough to apprise [Movant] of his case and situation." (*Id.*). Movant argues that "[h]ad counsel properly explained the case, [Movant] would have taken 1st plea or gone to trial." (*Id.*).

In his Reply, Movant contends that the Government offered Movant "a plea of 46-57 months." (Doc. 12 at 2-3). Movant's assertion, however, is not credible as the Government has provided a copy of the offered plea agreement and the agreement does not contain a stipulated sentence of 46-57 months. (Doc. 19-1 at 2-10). Further, the allegations contained in Grounds One, Two, and Three are vague and conclusory. *See Shah*, 878 F.3d at 1161 (district court did not err in dismissing without a hearing a claim in Section 2255 proceeding that was based on a vague and conclusory allegation).

"Adequate consultation between attorney and client is an essential element of competent representation of a criminal defendant." *Summerlin v. Schriro,* 427 F.3d 623, 633 (9th Cir. 2005) (citation omitted); *Correll v. Ryan,* 539 F.3d 938, 943 (9th Cir. 2008). However, while Movant contends that he met with his defense counsel only briefly, a brief consultation alone does not establish deficient performance. *See White v. Godinez,* 301 F.3d 796 (7th Cir. 2002) ("A brief consultation does not by itself establish that counsel's performance was inadequate."); *see also Moody v. Polk,* 408 F.3d 141, 148 (4th Cir. 2005) (there is no set minimum number of attorney-client meetings that must be held before trial to prepare an attorney to provide effective assistance of counsel); *United States v. Olson*, 846 F.2d 1103, 1108 (7th Cir. 1988) (an experienced lawyer "can get more out of one conference with his client than a less well-trained lawyer could get out of several").

Other than Movant's own self-serving statements, there is no evidence that Movant's defense counsel failed to adequately explain to Movant the consequences of pleading guilty or the provisions of the offered plea agreement. At the change of plea hearing, Movant answered affirmatively when the Court asked him if he had enough time to "fully and completely discuss" his case with his attorney. (Doc. 11-1 at 12). Movant also answered affirmatively when the Court asked him if he was "fully and

completely satisfied" with his attorney's representation. (*Id.*). In addition, the Court asked Movant "Is there anything that you think your attorney should do that he hasn't done up to this point in your case or anything else you would want him to do that he hasn't yet done?" (*Id.* at 12). Movant stated "No. Everything is fine." (*Id.* at 13). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see Womack v. Del Papa*, 497 F.3d 998, 1004 (9th Cir. 2007) (IAC claim denied where, aside from his self-serving statement, which was contrary to other evidence in the record, there was no evidence to support his claim).

Even if the Court assumed *arguendo* that Movant's defense counsel's performance was deficient, Movant has not established that such deficient performance was prejudicial in light of the Magistrate Judge's thorough inquiry into whether Movant made his guilty plea knowingly, intelligently, and voluntarily. The record shows that Movant was expressly made aware of his trial rights and knowingly, intelligently, and voluntarily waived them. (Doc. 11-1 at 2-34); *United States v. Boniface*, 601 F.2d 390, 393 (9th Cir. 1979) (rejecting defendant's claim that his attorney coerced him into pleading guilty where the trial court made a "thorough inquiry to satisfy itself that the defendant had been informed about all relevant matters and that his plea was voluntary"); *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987) (rejecting a defendant's IAC claim based on his attorney's alleged failure to properly advise him of potential consecutive sentences where the defendant acknowledged at the change of plea hearing the potential for consecutive sentences); *Gonzalez v. United States*, 33 F.3d 1047, 1052 (9th Cir. 1994) (holding that a defendant could not claim he was prejudiced by his attorney's alleged error in determining the defendant's likely sentence where (i) the district court informed the defendant of the maximum possible penalties and (ii) the defendant told the court he was satisfied with attorney).

For the above reasons, the undersigned recommends that the Court deny Grounds One, Two, and Three.

**C. Ground Four: Alleged IAC At Sentencing Hearing**

In Ground Four, Movant states "counsel ineffective for failing to properly argue priors, enhancement at sentencing." (Doc. 1 at 8). In the "Supporting Facts" section, Movant states only: "Counsel did not properly argue [Movant] prior record did not discuss the issues with [Movant] before sentencing had he done so [Movant] would have taken 1st plea deal or gone to trial." *(Id.)*. These conclusory allegations are insufficient to state an IAC claim. *See Shah,* 878 F.3d at 1161. However, the undersigned has reviewed the transcript of the November 30, 2012 sentencing hearing. (Doc. 11-4 at 2-30). As the Government correctly observes, the record reflects that Movant's counsel advocated for a downward departure from the Sentencing Guidelines and requested that the Court sentence Movant to no more than 46 months in prison. (*Id.* at 10-15, 20-21). Counsel's arguments to the Court reflect careful thought and preparation with respect to Movant's case.

Movant's guideline sentence was enhanced 16 levels based on a prior conviction of California Penal Code § 245(a)(1) (assault with a deadly weapon), which was correctly determined to be a crime of violence.[4] (Doc. 11-4 at 18); *see United States v. Grajeda*, 581 F.3d 1186, 1192 (9th Cir. 2009) (holding that Cal. Penal Code § 245(a)(1) is categorically a crime of violence); *United States v. Jimenez-Arzate*, 781 F.3d 1062, 1064-65 (9th Cir. 2015) (per curiam) (reaffirming the holding of *Grajeda*). Therefore, to the extent Movant may argue that his counsel should have contended that Movant's prior conviction did not qualify as a crime of violence, the argument fails.[5] *See Kimmelman v.*

---

[4] Movant's January 12, 2017 filing (Doc. 21) appears to argue that Movant's enhanced sentence is unconstitutional in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). Movant's argument is without merit. *See Rodriguez v. United States*, 2016 WL 6124501, at *3 (S.D. Cal. Oct. 20, 2016) ("Petitioner's conviction for assault by means likely to produce great bodily injury in violation of Cal. Penal Code § 245(a)(1) is categorically a crime of violence. *See Jimenez-Azarte*, 781 F.3d 1062. Section 2L1.2 simply does not imitate or mimic the language of ACCA's residual clause, and therefore, does not raise the same vagueness issues as in *Johnson*.").

[5] The Motion for Downward Variance filed in Movant's criminal case conceded that California Penal Code § 245(a)(1) is categorically a crime of violence. (CR 12-

- 7 -

*Morrison*, 477 U.S. 365, 375 (1986) (an omitted action must be shown to be meritorious to support an IAC claim); *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) (the "[f]ailure to raise a meritless argument does not constitute ineffective assistance").

The undersigned finds no basis on which to find that the performance of Movant's counsel at the sentencing hearing was constitutionally deficient. It is recommended that the Court deny Ground Four.

### D. Ground Five: Alleged IAC Based on a Conflict of Interest

In Ground Five, Movant states "conflict of interest I already knew my attorney." (Doc. 1 at 10). In his Reply, Movant asserts that he previously met his appointed counsel when Movant lived in California and that Movant asked the attorney for help vacating a prior conviction. (Doc. 12 at 4). Movant alleges that the attorney "got upset and told [Movant] that [Movant] was a criminal." (*Id.*). Liberally construing Ground Five, Movant presents an IAC claim based on a conflict of interest.

For IAC claims based on a conflict of interest, "a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). "But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Id.*

"[T]he word 'conflict' is [ ] used in common parlance to describe a personality conflict, an artistic conflict, a family conflict, and many other sorts of antagonism-even war." *Plumlee v. Masto*, 512 F.3d 1204, 1210 (9th Cir. 2008) (en banc). However, in the context of an IAC claim, the word "conflict" refers to "legal conflicts of interest—an incompatibility between the interests of two of a lawyer's clients, or between the lawyer's own private interest and those of the client." *Id.* "An actual conflict, as opposed to the 'mere possibility of a conflict,' is necessary to establish ineffective assistance." *Sanders v. Ratelle*, 21 F.3d 1446, 1452 (9th Cir. 1994) (citation omitted).

---

00408-FJM, Doc. 18 at 6).

Movant does not allege, and the undersigned does not find evidence suggesting that either of Movant's defense attorneys actively represented conflicting interests. The undersigned therefore finds Ground Five to be without merit and recommends that it be denied. *See Cuyler*, 446 U.S. at 350 ("[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance"); *see also United States v. Mett*, 65 F.3d 1531, 1535-36 (9th Cir. 1995) ("A conflict which causes problems of some sort in some facet of the attorney-client relationship (for example, by generating transient feelings of mistrust between attorney and client), but which ultimately has no significant impact on counsel's representation of the client before the court or in negotiations with the government, does not cause an adverse effect in the sense of *Cuyler*."); *Plumlee*, 512 F.3d at 1211 ("Plumlee has cited no Supreme Court case-and we are not aware of any-that stands for the proposition that the Sixth Amendment is violated when a defendant is represented by a lawyer free of actual conflicts of interest, but with whom the defendant refuses to cooperate because of dislike or distrust.").

### III. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that Movant's request for an evidentiary hearing be **DENIED**.

**IT IS RECOMMENDED** that the Motion to Vacate (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to

file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 9th day of February, 2017.

_____
Eileen S. Willett
United States Magistrate Judge